UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD WILSON, | Case No. 23-CV-1991 (JRT/JFD) |
| Plaintiff, | |
| v. | **ORDER** and<br>**REPORT AND RECOMMENDATION** |
| RAMSEY COUNTY; MEDICAL DEPARTMENT; and DEPARTMENT OF JUSTICE, | |
| Defendants. | |

On July 17, 2023, this Court directed plaintiff Edward Wilson, a prisoner, to pay an initial partial filing fee of at least $23.09 within 21 days, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute. *See* Dkt. No. 4. When Mr. Wilson did not respond to the order within the time allotted, this Court recommended that the matter be dismissed. *See* Dkt. No. 5. But Mr. Wilson has now requested additional time in which to pay the initial partial filing fee, asserting that he is currently unable to make the $23.09 payment. *See* Dkt. No. 6.

Under 28 U.S.C. § 1915(b)(4), a court may waive the requirement that a prisoner pay an initial partial filing fee if it is determined that the prisoner "has no assets and no means by which to pay" that fee. This Court concludes, based on the representations in Mr. Wilson's recent letter, that he has no assets and no means from which to pay the $23.09 initial partial filing fee previously assessed in this matter. Accordingly, the requirement of payment of that initial fee will be waived in this mater, and the Court's prior

1

recommendation that this action be dismissed without prejudice due to Mr. Wilson's failure to pay the initial partial filing fee will be vacated.

The matter of Mr. Wilson's initial partial filing fee now having been resolved, this matter is now ripe for review under 28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."). Under § 1915A(b),

> [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Pro se complaints are to be construed liberally,

but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Wilson alleges that while he was incarcerated at the Ramsey County Adult Detention Center in 2022, he was twice given incorrect medication. (*See* Complaint at 1, Dkt. No. 1). On the second of those occasions, Mr. Wilson "vomited blood, and felt poisoned." (*Id.*) Mr. Wilson also suffered irregular heartbeats as a result. (*Id.*) He now requests $100 million in damages.

The very short complaint does not specify a cause of action or whether Mr. Wilson is seeking relief under federal law or under state law (or both). To the extent that Mr. Wilson might be seeking relief under federal law, there is not an obvious claim for relief available to him. The closest would be a claim of deliberate indifference brought under 42 U.S.C. § 1983. The federal constitution prohibits cruel and unusual punishment; that prohibition is violated when state agents are deliberately indifferent to a prisoner's medical needs; and § 1983 makes state agents liable for constitutional violations of that kind. *See, e.g.*, *De Rossitte v. Correct Care Solutions, LLC*, 22 F.4th 796, 802 (8th Cir. 2022).

But there would be two problems with any claim brought under § 1983 by Mr. Wilson. First, to state a viable claim of deliberate indifference, a plaintiff must plead facts that, if proved true, would establish that the defendant knew of and disregarded a serious medical need. *See Redmond v. Kosinski*, 999 F.3d 1116, 1119 (8th Cir. 2021). Mr. Wilson alleges that jail officials acted carelessly and that this carelessness caused him harm, but he does not allege that jail officials deliberately ignored or were willfully blind to his medical needs.

Second, insofar as a plaintiff seeks monetary damages, the appropriate defendant for any claim for relief under § 1983 is the specific defendant alleged to have caused the harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). But none of the defendants named to this action are themselves alleged to have acted wrongfully; Mr. Wilson does not allege, for example, that an official policy or unofficial custom of recklessness on the part of Ramsey County let to the events at issue. *See Monell v. Dep't of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978). Rather, the misconduct alleged in the complaint is of individual wrongdoing, but those persons responsible for that alleged wrongdoing are not named as defendants.

Section 1983, in truth, is an awkward fit for the allegations presented by Mr. Wilson, which are more naturally suggestive of claims arising under state law (such as for negligence or medical malpractice). But the pleading does not establish that the Court would have original jurisdiction over any such state-law claim—Mr. Wilson does not allege, for example, that the parties are of diverse jurisdiction. *See* 28 U.S.C. § 1332. Moreover, because Mr. Wilson has not pleaded a viable claim for relief under federal law, the Court cannot extend supplemental jurisdiction over any state-law claims. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008). And without jurisdiction, of course, the Court cannot proceed to the merits of a claim. *See* Fed. R. Civ. P. 12(h)(3).

Accordingly, it is recommended that this matter be dismissed without prejudice, with any federal-law claims dismissed pursuant to § 1915A(b) and any state-law claims dismissed for lack of jurisdiction. Wilson remains responsible for the $350.00 statutory

4

filing fee for this matter, which must be paid in installments over time.[1] *See* 28 U.S.C. § 1915(b). Officials at the facility where Wilson is now detained will be appraised of that requirement.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. The August 16, 2023 Report and Recommendation (Dkt. No. 5) is **VACATED**.

2. Plaintiff Edward Wilson is directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to the authorities at the institution where Wilson is confined.

---

[1] 28 U.S.C. § 1915—part of the Prison Litigation Reform Act of (1995)—prohibits the Court from barring a prisoner from filing a civil action based only on their inability to pay the initial partial filing fee. 28 U.S.C. §§ 1915(a)(1), 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.") But when a prisoner files a civil action, they must eventually pay the full statutory filing fee. 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.") The BOP collects monthly payments from the prisoner to satisfy the filing fee set by statute. 28 U.S.C. § 1915(b)(2)-(3). *See Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time.").

## RECOMMENDATION

**IT IS FURTHER RECOMMENDED THAT**:

1. This action be **DISMISSED WITHOUT PREJUDICE**.

2. Wilson's application to proceed *in forma pauperis* (Dkt. No. 3) be **DENIED**.


Dated: October 16, 2023         __s/ *John F. Docherty*_____
                                JOHN F. DOCHERTY
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).