UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EDWARD WILSON, | |
| Plaintiff, | Civil Nos. 23-1991 (JRT/JFD), 23-1993 (JRT/DLM) |
| v. | |
| RAMSEY COUNTY, *et al.*, | **MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |
| Defendant. | |

Edward Wilson, OID #248463, Minnesota Correctional Facility Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Plaintiff.

Plaintiff Edward Wilson filed two complaints against Ramsey County and related defendants alleging medical mistreatment while incarcerated. (*See* Mem. Op. & Order ("Dismissal Order") at 4, 8–9, Feb. 23, 2024, ECF No. 23-1991, Docket No. 18.)[1] After liberal review of Wilson's complaints, the Court found he failed to plead sufficient facts and dismissed pursuant to 28 U.S.C. § 1915A. (*Id.* at 5–6.) Although Wilson's complaints were lacking, the Court provided Wilson the opportunity to file an amended complaint if he believed he could state a claim upon which relief could be granted. (*Id.* at 7, 9.)

---

[1] In its Dismissal Order, the Court consolidated Wilson's actions and as such, will only reference filings on Case No. 23-1991.

Instead, Wilson filed notices of appeal and applied to proceed *in forma pauperis* ("IFP") on appeal. (*See* Appl. to Proceed IFP, Mar. 27, 2024, Docket No. 21.)

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915. To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee. 28 U.S.C. § 1915(a)(1). Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith. *Id*. § 1915(a)(3). Good faith in this context is judged by an objective standard and not by the appellant's subjective point of view. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

To determine whether an appeal is taken in good faith, the Court must decide whether the claims to be decided on appeal are factually or legally frivolous. *See id.* at 445. An appeal is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As described in multiple orders, Wilson's bare-bones complaints do not state claims on which relief is available under federal law nor do the complaints establish federal subject matter jurisdiction over possible state law claims. Wilson has not taken advantage of the opportunity to amend his complaints that, as originally filed, have no arguable basis in law. Accordingly, his appeal is frivolous, and the Court will deny his application to proceed IFP on appeal.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Applications to Proceed IFP on Appeal [ECF No. 23-1991, Docket No. 21; ECF No. 23-1993, Docket No. 24] are **DENIED.**

DATED: April 25, 2024
at Minneapolis, Minnesota.

                                                          JOHN R. TUNHEIM
                                        United States District Judge